Juan Manuel GUZMAN-
LOPEZ, Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 02-73874.
Agency No. A76-611-102.

United States Court of Appeals,
Ninth Circuit.

Submitted April 12, 2004.*

Decided April 23, 2004.

Elena Yampolsky, Los Angeles, CA, Carlos Vellanoweth, Esq., Vellanoweth & Gehart, LLP, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Regina Byrd, Attorney, Ernesto H. Molina, Jr., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before HALL, O'SCANNLAIN, and RYMER, Circuit Judges.

·MEMORANDUM**

Juan Manuel Guzman–Lopez, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals ("BIA") summarily affirming an immigration judge's ("IJ") denial of his application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo legal determinations regarding an alien's eligibility for cancellation of removal, *Montero–Martinez v. Ashcroft,* 277 F.3d 1137, 1145 (9th Cir. 2002), but we lack jurisdiction to consider discretionary hardship and moral character determinations, *Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003). We deny the petition for review.

The IJ denied Guzman–Lopez's application for cancellation of removal based on his failure to establish ten years continuous physical presence, good moral character, and exceptional and extremely unusual hardship to a qualifying relative. Substantial evidence supports the IJ's continuous physical presence finding. *See Molina–Estrada v. INS,* 293 F.3d 1089, 1093 (9th Cir.2002). We need not consider the IJ's hardship or moral character determinations because his failure to satisfy the continuous physical presence requirement is dispositive. *See Romero–Torres,* 327 F.3d at 889.

For the same reason, we need not consider Guzman–Lopez's contention that the

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

IJ's failure to record, in its entirety, his mother's testimony regarding hardship, violated his due process rights. *See id.* at 890.

Guzman–Lopez's contention that the BIA's streamlined decision violates due process because it is required to provide an explanation for its determinations is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 850 (9th Cir.2003).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the motion for stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.